UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
JARED JAMES BOGGS,

                Plaintiff,                        **MEMORANDUM AND ORDER**
                                                                                                               23-CV-6907 (PKC) (JRC)

                -against-

THE CITY OF NEW YORK,

                Defendant.
-----------------------------------------------------------------x
PAMELA K. CHEN, United States District Judge:

        Plaintiff Jared James Boggs ("Plaintiff") brings this *pro se* action against the City of New York ("the City").[1] The Court liberally construes his Complaint as being brought under 42 U.S.C. § 1983. (*See generally* Compl., Dkt. 1 (hereinafter, "Dkt. 1").) For the reasons discussed below, the Court *sua sponte* dismisses the Complaint, and Plaintiff is granted thirty (30) days from the date of this Memorandum and Order to file an amended complaint.

**STANDARD OF REVIEW**

        A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the Court must be mindful that Plaintiff's pleadings should be held

---

[1] The Complaint was filed in the United States District Court for the Southern District of New York on June 17, 2023, and transferred to this Court on September 18, 2023. (Dkts. 1, 5.) Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 was granted on June 21, 2023. (Dkt. 4.)

1

"to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, courts "remain obligated to construe a *pro se* complaint liberally").

A district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## BACKGROUND

Plaintiff brings this action against the City alleging that while living in a homeless shelter for seven years, his property was unjustly destroyed, "the City did regularly harrass [sic] me and duress me," and in June 2022, "New York City through the shelter system and DHS did 'illegally had my mail kept from me.'" (Dkt. 1, at ECF 4–5.)[2] Plaintiff also attaches exhibits indicating that he filed suit in Civil Court of the City of New York, County of Kings, in relation to the alleged destruction of his property, *see Boggs v. City of New York*, Index No. CV-009911-22/KI, and on May 12, 2023, he signed a Stipulation Discontinuing Action. (*Id.* at ECF 11–14; Dkt. 1-1 at ECF 1–5.) Plaintiff seeks money damages. (Dkt. 1, at ECF 5.)

## DISCUSSION

Plaintiff's claims against the City must be dismissed. Municipalities, such as the City of New York, can be liable under section 1983 only if a plaintiff can demonstrate "(1) an official [municipal] policy or custom that (2) cause[d] the plaintiff to be subjected to (3) a denial of a constitutional right." *Torraco v. Port Auth. of N.Y. & N.J.*, 615 F.3d 129, 140 (2d Cir. 2010) (quoting *Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007)). A plaintiff can establish

---

[2] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

2

an official policy or custom by showing any of the following: (1) a formal policy officially endorsed by the municipality; (2) actions or decisions made by municipal officials with decision-making authority; (3) a practice so persistent and widespread that it constitutes a custom of which policymakers must have been aware; or (4) a failure by policymakers to properly train or supervise their subordinates, such that the policymakers exercised "deliberate indifference" to the rights of the plaintiff and others encountering those subordinates.  *See Iacovangelo v. Corr. Med. Care, Inc.*, 624 F. App'x 10, 13–14 (2d Cir. 2015) (formal policy officially endorsed by the municipality); *Matusick v. Erie Cty. Water Auth.*, 757 F.3d 31, 62 (2d Cir. 2014) (discussing a widespread and persistent practice); *Carter v. Inc. Vill. of Ocean Beach*, 759 F.3d 159, 164 (2d Cir. 2014) (failure to train amounting to deliberate indifference); *Jones v. Town of E. Haven*, 691 F.3d 72, 81 (2d Cir. 2012) (policymaking official's "express" or "tacit" ratification of low-level employee's actions).  Here, Plaintiff does not allege any unconstitutional policy or custom attributable to New York City that would confer municipal liability.  Therefore, all claims against the City of New York are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## LEAVE TO AMEND

In light of this Court's duty to liberally construe *pro se* complaints, the Court will allow Plaintiff thirty (30) days' leave to amend his complaint in compliance with Rule 8(a) of the Federal Rules of Civil Procedure.  *Cruz v. Gomez*, 202 F.3d 593, 598 (2d Cir. 2000).  Plaintiff must set forth factual allegations in a clear and concise manner for each defendant named, and only name defendants who were personally involved.  The statement of facts should include a brief description of what each defendant did or failed to do, and how those acts or omissions caused Plaintiff injury.  Plaintiff cannot rely on exhibits or other documents to replace a statement of a claim.  Plaintiff must also provide the dates and locations for each relevant event.  Even if Plaintiff

does not know the names of individuals, he may identify the individuals as John or Jane Doe, along with descriptive information and place of employment. Plaintiff must identify the defendants in both the caption and the body of his amended complaint. Plaintiff is advised that any amended complaint he elects to file will completely replace, not supplement, the original complaint. The amended complaint must be captioned as an "Amended Complaint" and bear the docket number assigned to this case: 23-CV-6907 (PKC) (JRC).

## CONCLUSION

Accordingly, the Complaint is dismissed. 28 U.S.C. § 1915(e)(2)(B). Plaintiff is granted thirty (30) days' leave from the date of this Memorandum and Order to file an amended complaint as detailed above. Any amended complaint that Plaintiff elects to file will be reviewed for sufficiency. All further proceedings shall be stayed for thirty (30) days. If Plaintiff fails to amend the Complaint within thirty days as directed by this Order, or cure the deficiencies discussed herein, judgment shall be entered and this case will be closed. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

Plaintiff may wish to consult the City Bar Justice Center's Federal *Pro Se* Legal Assistance Project at (212) 382-4729 for free, limited-scope legal assistance.

SO ORDERED.

*/s/ Pamela K. Chen*
PAMELA K. CHEN
United States District Judge

Dated: Brooklyn, New York
      October 4, 2023